UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-011-DCR-1 |
| | ) | and |
| V. | ) | Civil Action No. 7: 17-096-DCR |
| | ) | |
| DONALD GENE BLANKENSHIP, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

**** **** **** ****

Defendant/Movant Donald Blankenship signed a written plea agreement on January 28, 2016, and pleaded guilty to a single count of conspiracy to distribute cocaine in Pike County, Kentucky. [Record Nos. 1, 143, 144] Nine others were charged in the conspiracy. [Record No. 1] Blankenship acknowledged responsibility for an amount of cocaine in excess of 500 grams. [*See* Record No. 144] As part of his plea agreement, Blankenship also agreed to forfeit his interest in certain property identified in the Indictment. [Record No. 143; Record No. 144 at ¶9] That property included a 2003 Ford F-150 Harley-Davidson-edition truck and a 2011 Diamo Discovery XLT500 all-terrain vehicle. [Record No. 1 at 11] Per Rule 32.2 of the Federal Rules of Criminal Procedure, the forfeiture became final as to Blankenship upon entry of the judgment on April 29, 2016. [Record No. 214]

While the forfeiture was final as to Blankenship, others retained the ability to claim an interest in the property. On September 6, 2016, Blankenship's ex-wife and minor son filed a motion claiming third-party interest in the truck and all-terrain vehicle. [Record No. 270]

Their motion was unsuccessful, at least in part, because Blankenship's divorce decree clearly laid title in the truck with him. [*See* Record No. 302] It seems that failure of the third-party claim gave Blankenship buyer's remorse for the agreed forfeiture.

Just shy of one-year following his sentencing, Blankenship filed an "Emergency Motion to Obtained Seized Property," alleging that the seizure of the Harley truck and Diamo Discovery violated his due process rights.[1] [Record No. 303] That motion was denied because Blankenship had unambiguously agreed to forfeit his interest in the vehicles (and the agreement was finalized with entry of Judgment a year earlier). [Record No. 304]

Within weeks, Blankenship filed a second "Emergency Motion." [Record No. 305] He repeated the arguments raised in his first (that his due process rights were violated), and, for the first time, alleged ineffective assistance of counsel. [*Id.*] The relief sought in Blankenship's second "emergency motion" was permission to file a motion under 28 U.S.C. § 2255. That motion was denied as moot because such permission is unnecessary. [Record No. 306] The Court also noted that Blankenship may not be entitled to bring a § 2255 petition solely to challenge a forfeiture judgment. [*Id.*]

A standard-form "motion to vacate, set aside, or correct sentence by a person in federal custody" under 28 U.S.C. § 2255 was docketed on May 30, 2017. [Record No. 308] The envelope lacks a post-mark and the document is unsigned, but it is dated as "Executed (signed) on 5/24/2017." [Record Nos. 308 at 13; 308-3]

---

[1] The motion is signed on April 26, 2017, in compliance with the "Mailbox Rule," but without actually attesting when it was placed in the prison mail system. [Record No. 303 at 3]

## I. The Motion is Untimely.

As an initial matter, the § 2255 motion is untimely. 28 U.S.C. § 2255(f) provides a one-year period of limitation, which begins from one of four scenarios. Here, the only scenario applicable is § 2255(f)(1), the date on which the judgment of conviction becomes final.[2] Under Fed. R. App. P. 4(b)(1)(A), the time for filing an appeal is 14 days after entry of judgment. Because Blankenship filed no such appeal, his judgment was final on May 13, 2016. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Therefore, assuming that the §2255 motion was placed in the prison mail on May 24, 2017 (as the unsigned certification suggests), it was untimely. Moreover, Blankenship's 2nd "emergency motion" wherein he sought permission to bring a § 2255 motion was post-marked on May 15, 2016, and includes no certification of when it was placed in the prison mail (the included affidavit, signed April 26, 2017, is the same affidavit which was included in Blankenship's earlier motion, so the date is not relevant). Therefore, the motion would be untimely even if the Court were to credit the motion was filed when Blankenship sought permission to do so.[3]

The Court may accept Blankenship's § 2255 petition under the doctrine of equitable tolling, but only if Blankenship "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

---

2 Blankenship does not allege that the ineffectiveness of counsel is newly discovered, nor does he allege a government impediment or a newly-recognized right by the Supreme Court.

3 Blankenship acknowledges May 15, 2017, as the date of filing his 2nd "emergency motion." [Record No. 308 at 3]

*Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Here, Blankenship filed a motion for return of his property, though not a § 2255 motion, on April 26, 2017. That date appears to correspond with the Court's entry of judgment in favor of the government on the third-party claim. [*See* Record No. 301] And while Blankenship expressed dissatisfaction with counsel in his April 26th motion, that motion raises a due process claim rather than assert ineffective assistance of counsel. On these facts, there is nothing to indicate that Blankenship was diligently pursuing his rights. If, as alleged, Blankenship's counsel failed to keep his promise that he would object to the forfeiture, Blankenship was well aware of that prior to the denial of the third-party claim.

There is no "extraordinary circumstance" that stood in the way of Blankenship bringing his § 2255 motion before May 15, 2017. Instead, it is clear that he did not see fit to do so until after his family's third-party claim failed. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). Because the § 2255 motion was final more than one year from the date his conviction became final, and because there is no indication that Blankenship was diligently pursuing *his* right, or that any extraordinary circumstance stood in his way, equitable tolling is not warranted.

**II. Blankenship's Claim is Not a Cognizable under § 2255.**

Blankenship's claim is not the typical § 2255 motion.[4] Rather than seeking to reduce his term of incarceration, Blankenship merely seeks to obtain property forfeited by agreement

[4] It is hardly atypical that his motion argues ineffective assistance of counsel. Per usual, an ineffective assistance claim is the only claim not waived in his plea agreement.

as part of this criminal action—the Harley truck and Diamo Discovery. [*Id.* at 4] As grounds, Blankenship alleges that his counsel was ineffective "due to allowance of seizure of items not ripe for seizure." [*Id.* at 3] While not specifically asserted in the current motion, Blankenship previously argued that the vehicles were neither purchased with proceeds from illegal activities nor used in furtherance of the drug conspiracy and, therefore, not eligible for seizure. [*See* Record Nos. 303 and 305.] He now argues that, during "multiple conversations," counsel explained to him that the items were not eligible to be seized, and that such would be argued to the Court. [Record No. 308 at 4] Implicit in the motion is that counsel never raised the issue.

In light of Blankenship's allegations, the Court directed him to respond the question of whether he intends to waive his attorney-client privilege regarding his § 2255 motion. [Record No. 313] Blankenship timely responded, acknowledging waiver of his attorney-client privilege and making clear that his motion "is not to, in any way, unravel his plea agreement." Instead, it is intended "only to gain the return of seized property and not to re-sentence him in any way." [Record No. 320]

Even if timely, the Court lacks jurisdiction to entertain Blankenship's motion. Title 28 of the United States Code, section 2255 (a), provides that "[a] prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The Sixth Circuit has explained "[b]eing a procedural substitute for a habeas corpus proceeding, the right to relief under Sec. 2255 is limited by the express terms of the statute to situations where the prisoner is attacking the judgment under which he is in custody and, if successful,

would be entitled to be released." *Duggins v. United States*, 240 F.2d 479, 484 (6th Cir. 1957). The majority of courts to consider the issue have found that challenges to fines, restitution orders and forfeiture orders cannot be brought under 28 U.S.C. § 2255. *See United States v. Trimble*, 12 F. Supp. 3d 742, 746 (E.D. Pa. 2014) ("[C]ourts of appeals to consider the issue have held that a claim for relief from a restitution order cannot be brought in a habeas corpus petition, whether or not the petition also contains cognizable claims for release from custody."); *United States v. Bifield*, No. CR 3:12-430-CMC, 2015 WL 7776933, at *8–9 (D.S.C. Dec. 2, 2015) (collecting cases), *appeal dismissed*, 647 F. App'x 197 (4th Cir. 2016); *United States v. Titus*, No. CRIM.A. 11-159, 2015 WL 2341590, at *9 (E.D. La. May 14, 2015) ("The law is thus settled and clear that a petitioner such as Titus may not challenge the forfeiture aspect of his sentence via a motion brought under § 2255."); *United States v. Fabian*, 798 F. Supp. 2d 647, 683-85 (D. Md. 2011) (finding such claims not cognizable § 2255).

To be sure, the Sixth Circuit's treatment of § 2255 challenges of non-custodial portions of sentences is uncertain. *See Kaminski v. United States*, 339 F.3d 84, 88 n.2 (2d Cir. 2003); *United States v. Fabian*, 798 F. Supp. 2d 647, 684 n.15 (D. Md. 2011). In *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993), the Sixth Circuit *permitted*, without discussion, a § 2255 challenges to a fine and restitution order. In *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995), the Sixth Circuit *denied* such a challenge, based on the logic of sister circuits. Thereafter, in *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001), the Sixth Circuit *permitted* (with only a brief-discussion, citing *Ratliff* and distinguishing *Watroba*) a restitution-order challenge under § 2255 that was included with a custody challenge.

There is no indication that the Sixth Circuit has ever permitted a § 2255 challenge to a forfeiture judgment even in light of this inconclusiveness. Forfeiture judgments have been less litigated in the § 2255 context than fine or restitution challenges, and it appears that every court to consider the issue, at least when not tied to a custodial challenge, has declined to grant relief. *See United States v. Fabian*, 798 F. Supp. 2d 647, 685 (D. Md. 2011) (surveying cases); *Tan v. United States*, No. 5:14-CR-15-BR, 2017 WL 384317, at *2 (E.D.N.C. Jan. 26, 2017) (permitting forfeiture challenge under § 2255, as distinguishable from *Fabian*, because included with challenge to voluntariness of plea).

Blankenship does not challenge the voluntariness of his plea agreement or the propriety of his sentenced term of incarceration. He wishes instead to utilize § 2255 solely to challenge the forfeiture judgment to which he agreed at his rearraignment. Without clear guidance from the Sixth Circuit, the Court will follow the vast weight of authority and deny the claim.

### III.    Alternatively, Blankenship's Ineffective Assistance Claim Lacks Merit.

Next, even if the Court were to assume that it had jurisdiction over Blankenship's motion (and even if it were timely), the motion fails on the merits. Blankenship's motion is terse and does not elaborate on the factual allegations supporting his ineffective assistance allegation. However, the Court incorporates the related allegations made in his previous filing in light of Blankenship's pro se status. Blankenship previously asserted that counsel told him that the vehicles would be given back to him because they did not have the requisite connection to the drug conspiracy. [Record No. 305] He alleges "multiple conversations" regarding the vehicles, and that he received assurances from counsel that the vehicles would be returned. [*Id.*]

Blankenship claims counsel made these statements in front of his wife and counsel's secretary, and they are proof of ineffective assistance.[5] [*Id.*] This timing is important, because Blankenship does not allege that he was unaware, prior to his sentence becoming final, that the forfeiture could be disputed. Blankenship does not claim, for example, that counsel failed to inform him of his right to challenge the forfeiture, which caused Blankenship to lose his time-frame to mount a likely-meritorious argument. Instead, Blankenship argues that he knew of his right, and expected counsel to make the argument, but counsel simply did not do it.

To prevail on his ineffective assistance claim, Blankenship must make two showings. First, he must demonstrate that his attorney's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id*.

Here, Blankenship can prove neither element where is attempts to challenges a forfeiture that he himself agreed to, despite his awareness of his ability to challenge the forfeiture. Blankenship was well-aware of the specific items to be forfeited. During his change-of-plea hearing, each item was discussed in open court, including the Harley truck and the all-terrain vehicle. And Blankenship *expressly agreed* to their forfeiture and signed a plea agreement documenting his agreement. Blankenship also stated that he was satisfied with counsel's representation during the hearing.

[5] Blankenship was remanded to custody following his change-of-plea hearing, which suggests that this discussion took occurred prior to that date. [*See* Record No. 143.]

At that time Blankenship entered a guilty plea to the conspiracy charge, after the undersigned specifically discussed the items listed in the forfeiture allegation, and after Blankenship explained to the Court what he had done to be guilty of the offense, the following colloquy took place:

> The Court: And do you also agree that by virtue of committing the offense that you told me about that you also agree to forfeit any interest in the property that's described in the forfeiture allegation?
>
> Defendant Blankenship: Yes.

Following entry of his guilty plea (and his express agreement to the forfeiture) a Presentence Investigation Report ("PSR") was prepared. The PSR listed the forfeiture. During sentencing, Blankenship acknowledged that he had previously reviewed the PSR with his counsel. During sentencing, the Court acknowledged the forfeiture, and Blankenship again had the opportunity to address the Court. But as before, Blankenship made no challenge to the forfeiture, nor did he bring to light any dissatisfaction with counsel's performance. In light of the history of the case, the credibility of Blankenship's newly-made assertions is highly questionable.

Blankenship's present motion does not allege that he did not understand his statement to the Court. Instead, he contends that, while these admissions and concessions were being made, he *knew* and was *assured* that the vehicles would be returned to him. This flies in the face of the declarations made during the change-of-plea hearing. Given that the defendant knowingly and voluntarily agreed to forfeit the subject property, counsel cannot be deficient for failing to challenge the forfeiture. And given Blankenship's consent to the forfeiture, counsel's lack of argument to the contrary cannot be shown to have prejudiced the defendant.

*See, e.g., United States v. Daily*, 970 F. Supp. 628, 633 (N.D. Ill. 1997) (finding no prejudice where defendant was fully aware of the import of his plea agreement). Blankenship's signing of the plea agreement, and his own words in open court, are determinative.[6]

Blankenship cannot now escape his willing-bargain, especially where there is no suggestion that he was ignorant of his rights. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.") Clearly, it is counsel's job to protect the defendant's rights, and not the defendant's duty to ensure that counsel does so effectively. But later claims of ineffectiveness ring hollow where the defendant sits idly by, despite his claimed full knowledge and intent to mount a later challenge. In short, given his own sworn statements in open Court, and knowing consent to the terms of his plea agreement, Blankenship cannot demonstrate that counsel's performance was deficient, or that he was prejudiced.

## IV. Conclusion

Because the motion is untimely and without merit, and because the Court does not have jurisdiction to entertain it, the relief sought through Blankenship's current filing will be denied. Likewise, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court will deny a Certificate of Appealability. Even if jurists of reason could conclude that this court's "dismissal on procedural grounds [is] debatable or incorrect," *Slack v. McDaniel*, 529 U.S. 473, 485 (2000), Blankenship has not shown that reasonable jurists would find this Court's

[6] When Blankenship was asked at the rearraignment if he was satisfied with the representation of his attorney, Blankenship answered "Yes."

"assessment of the constitutional claims debatable or wrong" or that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" on the merits of Blankenship's Sixth Amendment-ineffectiveness challenge. *Id.* at 484. Therefore, being sufficiently advised, it is hereby

**ORDERED** that the claims raised in Defendant/Movant Donald Blankenship's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 308] are **DISMISSED** and the motion is **DENIED**. A corresponding Judgment will be entered this date.

This 31st day of July, 2017.

**Signed By:**

***Danny C. Reeves*** DCR

**United States District Judge**