UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-011-DCR-1 |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD GENE BLANKENSHIP, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Defendant Donald Blankenship has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  [Record No. 436]  The same document was previously filed with a signature of an individual who is not admitted to the Bar of this Court or admitted *pro hac vice*. the Court denied that motion and struck it from the record.  The pending motion bears Blankenship's signature, but the Court will nonetheless deny it.

Blankenship argues that the COVID-19 outbreak, when considered with his lung and liver problems caused by Hepatitis C, constitutes an "extraordinary and compelling reason" justifying compassionate release under § 3582(c)(1)(A)(i).  [Record No. 436, pp. 2-4] The defendant acknowledges that he has failed to exhaust administrative remedies, but he insists that waiver of the exhaustion requirement is appropriate in light of his potential exposure to COVID-19 at FCI Cumberland, his place of incarceration.  [*Id.* at p. 3]

Courts may only consider *pro se* motions for compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30

- 1 -

days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This statutory requirement is unequivocally mandatory, and "[m]andatory exhaustion regimes[] foreclose judicial discretion." *United States v. Cornett*, No. 7: 10-2-KKC, 2020 WL 1912211, at *2 (E.D. Ky. Apr. 20, 2020) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016)).

putting aside the fact that Congress has *compelled* adherence to § 3582(c)(1)(A)'s exhaustion requirement, this Court has repeatedly refused to follow the reasoning of other district courts that have waived it in light of the COVID-19 outbreak. *See United States v. Girod*, No. 5: 15-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020); *Cornett*, 2020 WL 1912211, at *2; *United States v. Washington*, No. 5: 13-020-DCR, 2020 WL 1873550, at *1 (E.D. Ky. Apr. 14, 2020); *United States v. Hofmeister*, No. 5: 16-13-KKC, 2020 WL 1811365, at *2 (E.D. Ky. Apr. 9, 2020). The United States Court of Appeals for the Third Circuit, the only federal court of appeals to squarely consider the matter, has agreed that waiver of the exhaustion requirement on account of COVID-19 is inappropriate. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Blankenship has acknowledged that he has not fully exhausted administrative remedies and has provided no evidence to demonstrate that he has begun to do so. Therefore, the motion for compassionate relief will be denied.

Blankenship also has attached a form documenting a request made to the Bureau of Prisons for home confinement pursuant to the CARES Act, Pub. L. 116, 134 Stat. 281, 516, § 12003(b)(2). [Record No. 436-3] This does not pertain to compassionate release, and it is unclear from the body of his motion whether he seeks relief under the CARES Act. Nevertheless, the CARES Act and the statute that generally provides for prerelease home

- 2 -

confinement, 18 U.S.C. § 3624(c)(2), do not authorize district courts to grant such relief.  The Bureau of Prisons holds the sole authority to grant home confinement requests.  *See United States v. McCann*, No. 5: 13-52-KKC, 2020 WL 1901089, at *3 (E.D. Ky. Apr. 17, 2020). Thus, the Court will deny the motion to the extent Blankenship seeks an order granting home confinement under the CARES Act.

Accordingly, it is hereby

**ORDERED** that Defendant Donald Blankenship's motion requesting compassionate release [Record No. 436] is **DENIED**.

Dated:  May 8, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 3 -