UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-011-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD GENE BLANKENSHIP, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant Donald Gene Blankenship has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 469] The United States has responded in opposition to his request. [Record No. 479] The motion will be denied because Blankenship has not demonstrated extraordinary and compelling reasons justifying the relief sought. Further, the relevant sentencing factors do not support a sentence reduction.

## I. FACTS & BACKGROUND

Blankenship pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. [Record No. 211] Blankenship admitted that he—along with nine others—distributed a large amount of cocaine in Pike County, Kentucky, from July 2013 through September 2014. His relevant conduct was deemed to include more than 500 grams of cocaine, and it was determined that he was an organizer and leader of the criminal conspiracy. The Court sentenced him to a 103-month term of imprisonment, to be followed

by an eight-year term of supervised release.  [Record No. 214]  Blankenship is currently housed at Cumberland FCI, and he is scheduled to be released in March 2022.[1]

## II. COMPASSIONATE RELEASE

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may reduce a sentence previously imposed if "three substantive requirements" are satisfied.  *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).[2]  The court must determine that extraordinary and compelling reasons exist, that a sentence reduction is consistent with applicable policy statements in the United states Sentence Guidelines, and that a reduction is warranted under the factors set out in 18 U.S.C. § 3553(a).  *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020). However, because the second requirement is not applicable to motions filed directly by prisoners, *id.* at 1108, "district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction."  *United States v. Hampton*, --- F.3d ----, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021) (citing *Jones*, 980 F.3d at 1106; *Ruffin*, 978 F.3d at 1006–07).

---

[1]    *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited February 5, 2021).

[2]    A prisoner may only file a motion for a sentence reduction "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a requests by the warden of the [prisoner]'s facility, whichever is earlier."  *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Blankenship has submitted a denial letter from his warden, and the United States concedes that he has met this requirement.  [*See* Record Nos. 469-5 and 479, at p. 3.]

## A.  Extraordinary and Compelling Reasons

The Court is no longer bound by the definitions of extraordinary and compelling reasons identified in the Guidelines.  Instead, it has "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Although the policy statement definition is not binding, it does provide a helpful framework for determining whether a prisoner has demonstrated extraordinary and compelling reasons. Under that definition, medical conditions warranting compassionate release fall into two categories: terminal illnesses or serious physical, medical, and mental conditions which prevent the prisoner from providing self-care within a correctional facility.  *See* U.S.S.G. § 1B1.13 cmt. n.1.  In short, that definition—considered here by the Court for purposes of ruling on Blankenship's motion—requires a prisoner to "demonstrate a medical condition so serious that it cannot be adequately addressed in BOP custody." *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020).

Blankenship argues that the spread of COVID-19 "present[s] a particular risk to him of both contracting and dying from COVID-19."  [Record No. 469, p. 1]  He argues that this particularized risk exists because he suffers from "chronic lung disease, and this condition is in flux."  [*Id.* at p. 2]  Blankenship's medical records confirm a diagnosis of pneumoconiosis, also known as black lung disease.  In May 2020, the disease had resulted in occasional shortness of breath, but medical records indicate a "slow progression" of the illness.  As the government notes, Blankenship's current condition is not identified by the Centers for Disease

Control and Prevention as creating a higher risk for severe illness.[3]  [Record No. 479, pp. 6–8]

      Blankenship has not demonstrated that he suffers from a medical condition that cannot be adequately managed in BOP custody.  Rather, his medical records show an individual suffering from a manageable, chronic condition that is being actively monitored and treated by medical professionals within the BOP.  And in addition to monitoring his current conditions, the BOP has begun the process of administering the COVID-19 vaccine to inmates and staff in several institutions, including Cumberland FCI.[4]  On this record, the potential, future risks associated with the COVID-19 pandemic do not turn Blankenship's manageable condition into an unmanageable one.  Thus, while the COVID-19 pandemic may create legitimate concerns, the risk of illness alone does not constitute an extraordinary and compelling reason to justify early release.  In summary, the Court concludes that Blankenship cannot satisfy Section 3582(c)(1)(A)'s first requirement.

### B.  Sentencing Factors

      Blankenship has also failed to demonstrate that the factors in 18 U.S.C. § 3553(a) weigh in favor of his early release.  His leadership of a large conspiracy to distribute cocaine was serious and dangerous.  He asserts that he "is a non-violent offender," [Record No. 469, p. 2]

---

[3]     *People Who Are at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 23, 2020).

[4]     The BOP is presently working with the CDC and a public-private partnership, known as Operation Warp Speed, to ensure that the BOP remains prepared to administer the COVID-19 vaccine to inmates as soon as it is available.  As of February 4, 2021, over 37,000 doses have been administered to inmates and staff.  *COVID-19 Vaccine Implementation*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last updated February 4, 2021).

but his crimes directly impacted his community, and fellow members of his conspiracy engaged in violent altercations related to the cocaine. His lengthy sentence reflects the seriousness of his offense and deters others from engaging in similar activity.

At sentencing, the Court considered the serious nature of Blankenship's offense, along with other mitigating factors. Under these circumstances, the Court found that a sentence of 103 months of imprisonment was necessary to promote respect for the law, provide a just punishment, deter him and others from criminal activity, and protect the public. Blankenship contends that his completion of rehabilitation programs and attendance in GED classes weigh in favor of release, [Record No. 469, p. 2], but those factors do not outweigh the serious nature of his offense conduct. Rather, his original sentence remains supported by the full record, and is sufficient, but not greater than necessary, to fulfill the objectives of 18 U.S.C. § 3553(a).

### III. CONCLUSION

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Blankenship's motion for a sentence reduction [Record No. 469] is **DENIED**.

Dated: February 5, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 5 -